# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

IN RE:

**WILLIE CURTIS CARROLL, SR.**

**CHAPTER 13**
**CASE NO. 16-10059**

**Debtor(s)**

## MOTION TO LIFT THE AUTOMATIC STAY

Comes now CitiFinancial, Inc. d/b/a CitiFinancial, Inc. (WV) ("CitiFinancial, Inc."), and moves this Court, pursuant to 11 U.S.C. § 362, for an order lifting the automatic stay on certain property which is currently subject to an interest held by CitiFinancial, Inc. and shows unto the Court the following:

1.     CitiFinancial, Inc. is a secured creditor of the above-named Debtor(s) being the holder and owner of a certain note in the original principal amount of $207,242.72, executed by Debtor(s), and payable to the order of CitiFinancial, Inc. (MD), and is secured by a mortgage on certain real estate located at 3621 North Rockcreek Dr., Fredericksburg, VA 22407 in Spotsylvania County, Virginia, as evidenced by the attached instruments.

2.     CitiFinancial, Inc. avers that Debtor(s) has/have been in default in the payment of the post-petition installments due CitiFinancial, Inc., as assignee of said note and mortgage, pursuant to the terms of said note, since August, 2016 and thereafter.

| Number of Missed Payments | From | To | Missed Principal and Interest | Missed Escrow (if applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 1 | 8/20/16 | 8/20/16 | $248.43 | $0.00 | $248.43 | $248.43 |
| 7 | 9/20/16 | 3/20/17 | $1275.49 | $0.00 | $1275.49 | $8928.43 |
| Less postpetition partial payments (suspense balance): | | | | ($0.00) | | |
| | | | | Total | $9176.86 | |

3.     CitiFinancial, Inc. holds and/or services the loan on the property referenced in this Motion for Relief. In the event the automatic stay in this case is modified, this case dismisses, and/or

the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of CitiFinancial, Inc. ("Noteholder").

4.     Noteholder does not have possession of the promissory note. An Affidavit of Lost Note is attached to this Motion. The promissory note is either made payable to Noteholder or has been duly endorsed. Noteholder is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.

WHEREFORE, CitiFinancial, Inc. respectfully requests that the Court issue an order stating that the automatic stay is lifted pursuant to 11 U.S.C. § 362, and said property be released to CitiFinancial, Inc. to permit it to liquidate its security and to apply the proceeds to said indebtedness secured thereby, fees and costs of this Motion be awarded to the Movant, that the court award the costs and fees associated with this Motion to the Movant, and to such other relief to which it may be entitled.

By: /s/ Evan Eberhardt
Evan Eberhardt
Jauregui & Lindsey, LLC
244 Inverness Center Dr
Ste 200
Birmingham, AL 35242
(205) 970-2233

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served upon the following using the CM/ECF System, on April 13, 2017, to-wit:

Cameron A. Metcalf
P. O. Drawer 6504
Dothan, AL 36302
cam@espymetcalf.com

Sabrina L. McKinney [Acting]
P.O. Box 173
Montgomery, AL 36101
trustees_office@ch13mdal.com

And by United States Mail, postage prepaid and properly addressed to:

Willie C. Carroll, Sr.
2102 Stringer Street
Dothan, AL 36301

By: /s/ Evan Eberhardt
Evan Eberhardt

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

IN RE:

**WILLIE CURTIS CARROLL, SR.**

**CHAPTER 13**
**CASE NO. 16-10059**

      **Debtor(s)**

### AFFIDAVIT SUPPORTING MOTION FOR RELIEF FROM AUTOMATIC STAY

STATE OF KENTUCKY   )
                      ) ss.
COUNTY OF BOONE    )

      Before me, the undersigned authority, personally appeared the person identified below, who being by me duly sworn, deposed as follows:

    1.    My name is Kathleen Daugherty. I am of sound mind, lawful age and capable of making this Affidavit. The statements set forth in this Affidavit are true and correct based on my personal knowledge and review of the business records described herein.

    2.    I am employed by CitiMortgage, Inc. as a Vice President-Document Control and I have been appointed as a Vice President of CitiFinancial, Inc. d/b/a CitiFinancial, Inc. (WV). Pursuant to an agreement, CitiMortgage, Inc. provides certain loan servicing activities to CitiFinancial, Inc. d/b/a CitiFinancial, Inc. (WV), a West Virginia corporation, its Successors and/or Assigns ("Movant"). I am authorized to make this Affidavit on behalf of Movant pursuant to the corporate resolutions of Movant. This Affidavit is submitted in support of the motion seeking relief from the automatic stay (the "Motion").

    3.    In my capacity as Vice President-Document Control, I am familiar with the books of account and have examined all books, records, and documents kept concerning the transaction alleged in the Motion. All of these books, records, and documents are kept in the regular course of business and are made at or near the time of the transaction using information transmitted by persons with personal

knowledge of the facts. It is the regular practice to make and keep these books, records and documents. All of these books, records, and documents are managed by employees or agents whose duty it is to keep the books, records, and documents accurately and completely.

4.     My responsibilities include, but are not limited to, handling bankruptcy accounts and ascertaining amounts due and payable.

5.     I have personal knowledge of the facts contained in this Affidavit. Specifically, I have reviewed and have personal knowledge of the records related to the loan account associated with the certain property described as 3621 North Rockcreek Dr, Fredericksburg, VA 22407.

6.     True and correct copies of the Note and Deed of Trust are attached hereto as Exhibits A and B, respectively, and incorporated herein by reference. A true and correct copy of the assignment agreement with respect to the Note is attached hereto as Exhibit C and incorporated herein by reference. Movant is the current holder of the deed of trust.

7.     As of March 31, 2017, there are one or more defaults in paying Debtor(s) post-petition amounts due with respect to the Note.

8.     As of the date hereof, the principal balance owed by the Debtor(s) to Movant is $188,573.33, plus advances made, attorney fees, costs, other fees and charges, and interest accruing thereon in accordance with the loan documents.

9.     The following chart sets forth those postpetition payments, due pursuant to the terms of the Note, that have been missed by the Debtor(s) as of March 31, 2017:

| Number of Missed Payments | From | To | Missed Principal and Interest | Missed Escrow (if applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 1 | 8/20/16 | 8/20/16 | $248.43 | $0.00 | $248.43 | $248.43 |
| 7 | 9/20/16 | 3/20/17 | $1,275.49 | $0.00 | $1,275.49 | $8,928.43 |
| Less postpetition partial payments (suspense balance): | | | | | | ($0.00) |

**TOTAL: $9,176.86**

10.     As of March 31, 2017, the total postpetition arrearage/delinquency is $9,176.86, consisting of (i) the foregoing total of missed postpetition payments in the amount of $9,176.86, plus (ii) the following postpetition fees and advances for taxes and insurance:

| Description | Amount |
|---|---|
| N/A | $0.00 |

11.     Attached hereto as Exhibit D is a postpetition payment history.

I solemnly affirm under the penalty of perjury and upon personal knowledge that the contents of the foregoing paper are true.

EXECUTED on _April 10_, 2017.

By: _____

Name:     Kathleen Daugherty

STATE OF _Kentucky_ )
                                        ) ss.
COUNTY OF _Boone_ )

Subscribed and sworn to me the undersigned authority on this ___10___ day of _April_, 2017.

My Commission Expires: _6/18/20_

_Debra Hancock_
Notary Public in and for the
State of _Kentucky_

**DEBRA HANCOCK**
Notary Public, ID No. 558788
State at Large, Kentucky
My Commission Expires June 18, 2020

# Exhibit A

State of Missouri          §
                           §
County of St. Charles      §

## AFFIDAVIT OF LOST NOTE

I, Rachel Harris, being duly sworn and under penalty of perjury under the laws of the State of Virginia depose and state as follows:

    1.    I am employed by CitiMortgage, Inc., as Vice President - Document Control. Pursuant to an agreement, CitiMortgage, Inc., provides certain loan servicing activities for CitiFinancial, Inc. D/B/A CitiFinancial, Inc. (WV) In such capacity, I am authorized to make the representations contained in this Lost Note Affidavit ("Affidavit") on behalf of CitiFinancial, Inc. D/B/A CitiFinancial, Inc. (WV). The statements made in this Affidavit are based on my personal knowledge derived from my review of business records that are kept by CitiMortgage, Inc., and CitiFinancial, Inc. D/B/A CitiFinancial, Inc. (WV) in the normal course of business.

    2.    I am over the age of 18 and competent to verify the information contained herein.

    3.    For convenience, the following party or parties listed on the Note are referred herein as "Borrower": Willie C. Carroll Sr. According to the records I reviewed, Borrower obtained a residential mortgage loan (the "Loan") evidenced by a promissory note (the "Note") dated August 2nd, 2005, in the amount of $207,242.72, secured by a deed of trust dated August 2nd, 2005 and recorded as Document #200500031737 (the "Mortgage / Deed of Trust").

    4.    CitiFinancial, Inc. D/B/A CitiFinancial, Inc. (WV) is the servicer of the Loan and Citibank, N.A. is the custodian of the collateral documents described below. I have access to the business records of CitiMortgage, Inc. and CitiFinancial, Inc. D/B/A CitiFinancial, Inc. (WV) concerning the Loan.

50 State – Affidavit of Lost Note – 20160425
v.20160425

DEX0481.36148

5.     CitiFinancial, Inc. D/B/A CitiFinancial, Inc. (WV)'s regular business practice is to store original notes secured by mortgages and deeds of trust in collateral files maintained by Citibank, N.A., in a secure vault facility in O'Fallon, Missouri.

6.     After a good faith, thorough and diligent manual search of the hard copy collateral file pertaining to the Loan, the original Note was not located. I have personal knowledge (a) of Citibank, N.A.'s procedures for the safekeeping and retrieval of original notes serviced by CitiFinancial, Inc. D/B/A CitiFinancial, Inc. (WV) and CitiFinancial, Inc. D/B/A CitiFinancial, Inc. (WV)'s lost note procedures for determining that an original note is lost; and (b) that CitiFinancial, Inc. D/B/A CitiFinancial, Inc. (WV)'s lost note procedures were followed in determining that the Note has been lost and that a good faith effort was made to locate the lost note in accordance with such procedures. Based upon the foregoing due diligence and review of relevant business records, CitiFinancial, Inc. D/B/A CitiFinancial, Inc. (WV) has concluded that possession of the original Note cannot reasonably be obtained because the Note was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

7.     Based on CitiFinancial, Inc. D/B/A CitiFinancial, Inc. (WV)'s business records, attached as <u>Exhibit A</u> is true and correct copy of the form of the Note.

8.     The loss of possession of the Note is not the result of the original Note being assigned, endorsed, or delivered to another party, cancelled, pledged, hypothecated or otherwise transferred, nor was the loss of possession the result of a lawful seizure of the Note. At the time CitiFinancial, Inc. D/B/A CitiFinancial, Inc. (WV) lost possession of the original Note, such party had the right to enforce the Note and the Deed of Trust.

9.     The business records of CitiFinancial, Inc. D/B/A CitiFinancial, Inc. (WV),

attached as Exhibit B reflect that the Note for the Loan was originated by CitiFinancial, Inc.

(MD) on or before August 2nd, 2005 and possession of the original Note was transferred to

CitiFinancial, Inc. D/B/A CitiFinancial, Inc. (WV). The documentation attached in Exhibit B

shows evidence of the acquisition, ownership, and possession of the Note.

AFFIANT

Name: _Rachel Harris_
Date: _3/28/2017_

State of _Missouri_
County of _St. Charles_

Subscribed and sworn to before me by _Rachel Harris_ this _28_ day of
_Mar_, 20 _17_.

_Amanda Wilkins_ Notary Public

State of _Missouri_

My commission expires: _7/24/20_

Personally known ____✓____ OR
Produced identification __na__.

Type of identification produced:
____na____.

AMANDA WILKINS
Notary Public - Notary Seal
State of Missouri
St. Charles County
Commission #12575685
My Commission Expires July 24, 2020

50 State · Affidavit of Lost Note — 20160425
v.20160425

DEX0481.36148

# Disclosure Statement, Note and Security Agreement

| Borrower(s) (Name and mailing address) | Lender (Name, address, city and state) | Account No. |
|---|---|---|
| WILLIE C CARROLL SR<br>3621 NORTH ROCKCREEK DR<br>FREDERICKSBURG VA 22407 | CITIFINANCIAL, INC. (MD)<br>4300 PLANK ROAD SUITE 210<br>FREDERICKSBURG, VA 22401 | Date of Loan<br>08/02/2005 |

| ANNUAL PERCENTAGE RATE<br>The cost of Borrower's credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost Borrower. | Amount Financed<br>The amount of credit provided to Borrower or on Borrower's behalf. | Total of Payments<br>The amount Borrower will have paid after Borrower has made all payments as scheduled. |
|---|---|---|---|
| 6.50 % | $ 257,363.63 | $ 201,812.77 | $ 459,176.40 |

**Payment Schedule:**

| Number of Payments | Amount of Payments * | When Payments Are Due |
|---|---|---|
| 360 | $1,275.49 | MONTHLY BEGINNING 09/08/2005 |
| | $ | |
| | $ | |
| | $ | |

See the contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**Security:** If checked, Borrower is giving a security interest in:

- [ ] Motor Vehicle
- [X] Real Property
- [ ] Mobile Home
- [ ] Other:

**Late Charge:** If a payment is late, Borrower will be charged 5.0 % of the amount in default.

**Prepayment:** If Borrower pays off early, Borrower

- [ ] will not [X] may have to pay a penalty, and will not be entitled to a refund of part of the finance charge.

* Does not include any insurance premium.

**Additional Information:**

| Total amount of first month's payment including insurance premiums, if any | PRINCIPAL | POINTS/PREPAID CHARGE/FEES | DATE CHARGES BEGIN |
|---|---|---|---|
| $ 1,275.49 | $ 207,242.72 | $ 5,429.95 | 08/08/2005 |

**Required Insurance Disclosure:**
If Borrower grants Lender a security interest as indicated in this document, insurance to protect the Lender's interest in the collateral may be required. If this loan is secured by real property, or mobile/manufactured home, then fire, extended coverage, collision and/or comprehensive casualty insurance is required naming Lender as loss payee, until the loan is fully paid. The amount of such insurance must be sufficient to satisfy the unpaid balance of the loan, or be equal to the value of the collateral, whichever is less. Such insurance may be provided through an existing policy or a policy obtained independently and purchased by Borrower. Borrower may obtain such insurance from any insurer that is reasonably acceptable to Lender.

**Optional Insurance Disclosure:**
Borrower is not required to purchase optional insurance products, such as: Credit Life, Credit Disability, Involuntary Unemployment Insurance or any other optional insurance products. Lender's decision to grant credit will not be affected by Borrower's decision to purchase or decline to purchase optional insurance.

Coverage will not be provided unless Borrower signs and agrees to pay the applicable monthly premium in addition to the monthly loan payment disclosed above.

Borrower should refer to the terms contained in the applicable certificate or policy of insurance issued for the exact description of benefits, exclusions and premium rates.

If Borrower purchases insurance, Borrower's monthly payment will include both the monthly loan payment disclosed above and the applicable monthly premiums.

I/We request the following insurance:

| Premium Due with the First Month's Loan Payment | First Year's Premium * | Insurance Type: | | |
|---|---|---|---|---|
| $NONE | $ | | _First Borrower's Signature_ | _Date_ |
| $NONE | $ | | | |
| $NONE | $ | | Second Borrower's Signature | Date |

(* First year's premiums are calculated on the assumption that monthly loan payments are timely made). Accrued but unpaid premium, if not paid earlier, will be due and payable at the time of the final payment on the loan. However, failure to pay premiums may result in termination of insurance as described below.

**Termination of Insurance:**
Borrower may cancel any of the optional insurance products offered at any time. The optional insurance will terminate upon the earliest of the following occurrences:
(1) the Lender's receipt of Borrower's written request for termination;
(2) on the date when the sum of past due premiums equal or exceed four times the first month premium;
(3) termination pursuant to the provisions of the insurance certificate;
(4) payment in full of Borrower's Loan;
(5) death of Borrower.

**TERMS:** In this Disclosure Statement, Note and Security Agreement, the word "Borrower" refers to the persons signing below as Borrower, whether one or more. If more than one borrower signs, each will be responsible, individually and together, for all promises made and for repaying the loan in full. The word "Lender" refers to the lender, whose name and address are shown above.

**PROMISE TO PAY:** In return for a loan that Borrower has received, Borrower promises to pay to the order of Lender the Principal amount shown above, which includes any Points/Prepaid Charge/Fee shown above, plus interest on the unpaid Principal balance from the Date Charges Begin shown above at the rate of interest of 06.2460 % per annum. Lender will compute interest on the unpaid Principal balance on a daily basis from the date charges begin until Borrower repays the loan. If Borrower does not make sufficient or timely payments according to the payment schedule above, Borrower will incur greater interest charges on the loan. On the N/A month anniversary of the Date of Loan shown above, the rate of interest if applicable to the remaining unpaid principal balance shall decrease to N/A % per annum.

Any amount shown above as Points has been paid by Borrower as points. This amount is considered a prepaid charge and is in addition to interest calculated at the above Rate(s) of Interest. Any Points are earned prior to any other interest on the loan balance. In the event of prepayment of the loan, prepaid Points will not be refundable to Borrower.

Principal and interest shall be payable in the monthly installments shown above beginning on the first payment date shown above and continuing on the same day in each following month until paid in full. Upon the final payment date or the acceleration thereof, the entire outstanding balance of Principal and interest evidenced by this Disclosure Statement, Note and Security Agreement shall be due and payable. Any payment(s) which Lender accepts after the final payment date or the acceleration thereof do not constitute a renewal or extension of this loan unless Lender so determines.

(IB Real Estate)

_____ 8/2005

Original (Branch)    Copy (Customer)

Borrower's Initials: _WC_

Page 1 of 3

Each payment shall be applied as follows: (1) late charges and monthly loan payments due (first to last, then principal), (2) insurance premiums due, (3) unpaid interest to the date of payment, if any, then (4) principal. Lender, at its option, may collect interest from and after maturity upon the unpaid Principal balance at either the maximum rate permitted by the then applicable law or the rate of interest prevailing at the time of maturity under this Disclosure Statement, Note and Security Agreement.

**PREPAYMENT:**

☐ If this box is checked, Borrower may prepay this loan in whole or in part at any time without penalty. However, upon partial prepayment, interest will continue to accrue on any remaining Principal balance. Partial prepayment will not affect the amount or due date of subsequent scheduled payments o the loan, but may reduce the number of such payments.

☒ If Borrower prepays the entire outstanding Principal amount of this loan during the first three (3) years from the date of the loan, Lender may charge Borrower a prepayment penalty equal to a percentage of the amount prepaid as follows: for prepayment in full within one year of the date of the loan, 2%; within two years, 2%; and within three years, 1%. Upon partial prepayment, interest will continue to accrue on any remaining Principal balance. Partial prepayments will not affect the amount or due date of subsequent payments on the loan, but may reduce the number of such payments.

**SECURITY AGREEMENT:**

☐ A. If this box is checked, this loan is unsecured.

☐ B. If this box is checked, to secure the payment and performance hereof, Borrower gives to Lender a security interest under the Uniform Commercial Code in any property for which a description is completed below and all parts and equipment now or later added to the property and any proceeds of the property, all which will be called "Property". See below for additional terms applicable to this security interest.

1. Motor vehicle/mobile home:

| Make, No. Cylinders | Year/Model | Model No. Or Name | Body Type | Identification Number |
|---|---|---|---|---|
| | | | | |

2. Other Property:

☒ C. If this box is checked, Borrower's loan is secured by a Deed of Trust or Mortgage of even date on real property which requires Lender's written consent to a sale or transfer of the encumbered real property located at   3621 NORTH ROCKCREEK DR FREDERICKSBURG VA 22407     . See either the Deed of Trust or the Mortgage for terms applicable to Lender's interest in Borrower's real property ("Property").

**OWNERSHIP OF PROPERTY:** Borrower represents that the Property is owned by Borrower free and clear of all liens and encumbrances except those of which Borrower has informed Lender in writing. Prior to any default, Borrower may keep and use the Property at Borrower's own risk, subject to the provisions of the Uniform Commercial Code. If the Property includes a motor vehicle or a mobile home, Borrower will, upon request, deliver the certificate of title to the motor vehicle or a mobile home to Lender.

**USE OF PROPERTY:** Borrower will not sell, lease, encumber, or otherwise dispose of the Property without Lender's prior written consent. Borrower will keep the Property at Borrower's address (as shown on page 1) unless Lender has granted permission in writing for the Property to be located elsewhere. The Property will be used only in the state in which Borrower lives unless the Property is a motor vehicle, in which case it will be used outside the state only in the course of Borrower's normal use of the Property. Borrower will not use or permit the use of the Property for hire or for illegal purposes.

**TAXES AND FEES:** Borrower will pay all taxes, assessments, and other fees payable on the Property, this Disclosure Statement, Note and Security Agreement, or the loan. If Borrower fails to pay such amounts, Lender may pay such amounts for Borrower and the amounts paid by Lender will be added to the unpaid balance of the loan.

**INSURANCE:** If Borrower purchases any insurance at Lender's office, Borrower understands and acknowledges that (1) the insurance company may be affiliated with Lender, (2) Lender's employee(s) may be an agent for the insurance company, (3) such employee(s) is not acting as the agent, broker or fiduciary for Borrower on this loan, but may be the agent of the insurance company, and (4) Lender or the insurance company may realize some benefit from the sale of that insurance. If Borrower fails to obtain or maintain any required insurance or fails to designate an agent through whom the insurance is to be obtained, Lender may purchase such required insurance for Borrower through an agent of Lender's choice, and the amounts paid by Lender will be added to the unpaid balance of the loan.

**FINANCING STATEMENTS:** Borrower will sign all financing statements, continuation statements, security interest filing statements, and similar documents with respect to the Property at Lender's request.

**LATE CHARGE:** If Borrower fails to pay any scheduled payment within   7   days after its due date, Borrower agrees to pay a late charge not to exceed   5.0   percent of the unpaid portion of the payment due. Lender may, at its option, waive any late charge or portion thereof without waiving its right to require a late charge with regard to any other late payment.

**LOAN CHARGES:** If a law that applies to this loan and that sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit, and (ii) any sums already collected from Borrower that exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under this loan or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge.

**DEFAULT:** Borrower will be in default if:

1. Borrower does not make any scheduled payment on time;
2. Borrower is (or any other person puts Borrower) in bankruptcy, insolvency or receivership;
3. Any of Borrower's creditors attempts by legal process to take and keep any property of Borrower, including the Property securing this loan;
4. Borrower fails to fulfill any promise made under this agreement; or
5. A default occurs under any Real Estate Mortgage or Deed of Trust which secures this loan or under any other mortgage or deed of trust on the real property.

Subject to Borrower's right to any notice of default, right to cure default, and any other applicable laws, if Borrower defaults, Lender may require Borrower to repay the entire unpaid Principal balance and any accrued interest at once. Lender's failure to exercise or delay in exercising any of its rights when default occurs does not constitute a waiver of those or any other rights under this agreement. If this debt is referred for collection to an attorney not a salaried employee of Lender, Lender shall be entitled to collect all reasonable costs and expenses of collection, including, but not limited, court costs and reasonable attorney's fees as permitted by law.

**EFFECTS OF DEFAULT:** If Borrower defaults, Borrower will deliver the Property to Lender or, upon Lender's demand, assemble the Property and make it available to Lender at a reasonably convenient place. Lender may, without previous notice or demand and without legal process, peacefully enter any place where the Property is located and take possession of it.

The Property may be sold with notice at a private or public sale at a location chosen by Lender. At any such public sale, Lender may purchase the Property. The proceeds of the sale, minus the expenses of taking, removing, holding, repairing and selling the Property, including reasonable attorney's fees, and minus the cost of paying off and removing any superior liens or claims on the Property, will be credited to the unpaid balance of Borrower's loan. If Borrower has left other property in the repossessed Property, Lender may hold such property temporarily for Borrower without any responsibility or liability for the property.

Notice of the time and place of a public sale or notice of the time after which a private sale will occur is reasonable if mailed to the Borrower's address at least five days before the sale. The notice may be mailed to Borrower's last address shown on Lender's records.

(IB Real Estate)

Case 16-10059    Doc 45    Filed 04/13/17    Entered 04/13/17 14:11:17    Desc Main Document    Page 12 of 34

**LAW THAT APPLIES:** Virginia law and federal law, as applicable, govern this Disclosure Statement, Note and Security Agreement. If any part is unenforceable, this will not make any other part unenforceable. In no event will Borrower be required to pay interest or charges in excess of those permitted by law.

**OTHER RIGHTS:** Lender may accept payments after maturity or after a default without waiving its rights with respect to any subsequent default in payment. Borrower agrees that Lender may extend time for payment after maturity without notice. The terms of this agreement can be waived or changed only in a writing signed by Lender.

Where the context requires, singular words may be read in the plural and plural words in the singular, and references to the masculine gender may be read to apply to the feminine gender.

**OTHER TERMS:** Each Borrower under this Disclosure Statement, Note and Security Agreement, if more than one, agrees that Lender may obtain approval from one Borrower to change the repayment terms and release any Property securing the loan, or add parties to or release parties from this agreement, without notice to any other Borrower and without releasing any other Borrower from his responsibilities. Lender does not have to notify Borrower before instituting suit if the note is not paid, and Lender can sue any or all Borrowers upon the default by any Borrower.

Borrower, endorsers, sureties and guarantors, to the extent permitted by law, severally waive their right to require Lender to demand payment of amounts due, to give notice of amounts that have not been paid, to receive notice of any extensions of time to pay which Lender allows to any Borrower and to require Lender to show particular diligence in bringing suit against anyone responsible for repayment of this loan, and additionally, waive benefit of homestead and exemption laws now in force or later enacted, including stay of execution and condemnation, on any Property securing this loan and waive the benefit of valuation and appraisement.

This Disclosure Statement, Note and Security Agreement shall be the joint and several obligation of all makers, sureties, guarantors and endorsers and shall be binding upon them, their heirs, successors, legal representatives and assigns.

If any part of the Disclosure Statement, Note and Security Agreement and, if applicable, the Mortgage or Deed of Trust and accompanying Itemization of Amount Financed is unenforceable, this will not make any other part unenforceable.

**REFINANCING:** The overall cost of refinancing an existing loan balance may be greater than the cost of keeping the existing loan and obtaining a second loan for any additional funds Borrower wishes to borrow.

**AUTHORIZATION TO USE CREDIT REPORT:** By signing below, Borrower authorizes Lender to obtain, review and use information contained in the Borrower's credit report in order to determine whether the Borrower may qualify for products and services offered by Lender. This authorization terminates when Borrower's outstanding balance due under this Disclosure Statement, Note and Security Agreement is paid in full. Borrower may cancel such authorization at any time by writing the following: Transaction Processing, 300 St. Paul Place, BSP13A, Baltimore, MD 21202. In order to process Borrower's request, Lender must be provided Borrower's full name, address, social security number and account number.

The following notice applies only if this box is checked. ☐

---

**NOTICE**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

---

By signing below, Borrower agrees to the terms contained herein, acknowledges receipt of a copy of this Disclosure Statement, Note and Security Agreement and, if applicable, the Mortgage or Deed of Trust and of the accompanying Itemization of Amount Financed, and authorizes the disbursements stated therein.

WITNESSES:          SIGNED:

         (Seal)
         WILLIE C CARROLL SR    -Borrower
         (Seal)
         -Borrower
         (Seal)
         -Borrower

CITIFINANCIAL, INC. (MD)

By: _____ 08/02/2005 15:40:16
(Name and Title)

**SECURITY INTEREST NONOBLIGOR:** Borrower only is personally liable for payment of the loan. Nonobligor is liable and bound by all other terms, conditions, covenants, and agreements contained in this Disclosure Statement, Note and Security Agreement, including but not limited to the right and power of Lender to repossess and sell the Property securing this loan. In the event of default by Borrower in payment of this loan.

_____ (Seal)    _____    _____ (Seal)    _____
Signature        Date        Signature        Date

# EXHIBIT B

LR 200500031737 08/03/2005 11:40:00 AM

Recorded in the Clerk's Office of the

SPOTSYLVANIA COUNTY, Virginia Circuit Court

Teste: _____ , Clerk Paul M. Metzger

# Commonwealth of Virginia
## Land Record Instruments
## Cover Sheet - Form A

[ILS VLR Cover Sheet Agent 1.0.66]

**T A X   E X E M P T**

**C O R P**

| Date of Instrument: | [8/2/05 ] |
|---|---|
| Instrument Type: | [DOT ] |
| Number of Parcels | [ 1] |
| Number of Pages | [ 6] |
| City ☐ County ☒ | [Spolsylvania County ] |

(Box for Deed Stamp Only)

**First and Second Grantors**

| Last Name | First Name | Middle Name or Initial | Suffix |
|---|---|---|---|
| [CARROLL SR ] | [WILLIE ] | [C. ] | [ ] |
| [ ] | [ ] | [ ] | [ ] |

**First and Second Grantees**

| Last Name | First Name | Middle Name or Initial | Suffix |
|---|---|---|---|
| [SHAFFER ] | [B. ] | [ ] | [ ] |
| [ELLIS ] | [S. ] | [ ] | [ ] |

| Grantee Address | (Name) | [CITIFINANCIAL INC ] |
|---|---|---|
| | (Address 1) | [4300 PLANK ROAD ] |
| | (Address 2) | [SUITE 210 ] |
| | (City, State, Zip) | [FREDERICKSBURG ] [VA ] [22407 ] |

Consideration [207,242.72 ] Existing Debt [0.00 ] Assumption Balance [0.00 ]

Prior Instr. Recorded at: City ☐ County ☒ [Spotsylvania County ] · Percent. in this Juris. [ 100]
Book [2099 ] Page [110 ] Instr. No [ ]
Parcel Identification No (PIN)
Tax Map Num. (if different than PIN)
Short Property Description [LOT 90 SECTION THREE WILBURN.FARMS SUBDIVISION ]
[ ]
Current Property Address (Address 1) [3621 ROCKCREEK DR ]
(Address 2) [ ]
(City, State, Zip) [FREDERICKSBURG ] [VA ] [22407 ]

| Instrument Prepared by | | [MATT GUIDO ] |
|---|---|---|
| Recording Paid for by | | [WILLIE C. CARROLL SR. ] |
| Return Recording to | (Name) | [CITIFINANCIAL INC ] |
| | (Address 1) | [4300 PLANK ROAD ] |
| | (Address 2) | [SUITE 210 ] |
| | (City, State, Zip) | [FREDERICKSBURG ] [VA ] [22407 ] |
| Customer Case ID | | [ ] [ ] [ ] |

Cover Sheet Page # 1 of 1

Simpson #415

After recording, please return to:
CITIFINANCIAL, INC. (MD)

4300 PLANK ROAD SUITE 210
FREDERICKSBURG, VA 22401

This document was prepared by:
CITIFINANCIAL, INC. (MD)

# DEED OF TRUST

NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.

THIS DEED OF TRUST is made this 2nd day of August , 2005 , among the Grantor,
WILLIE C. CARROLL, SR.

(herein
"Borrower"), B SHAFFER AND SUEANN ELLIS
4300 PLANK RD STE 210 FREDERICKSBURG VA 22407 , referred to
herein as "Trustee", and the Beneficiary, CITIFINANCIAL, INC. (MD)
a corporation organized and existing under the laws of Maryland
whose address is 4300 PLANK ROAD SUITE 210 FREDERICKSBURG, VA 22401 (herein
"Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of SPOSTYLVANIA , State of Virginia;

ALL THAT CERTAIN PARCEL OF LAND IN CHANCELLOR MAGISTERIAL DISTRICT,
SPOTSYLVANIA COUNTY, COMMONWEALTH OF VA, AS MORE FULLY DESCRIBED IN
BOOK 2099 PAGE 110 ID# 13B10-90, BEING KNOWN AND DESIGNATED AS LOT 90
SECTION THREE WILBURN FARMS SUBDIVISION, FILED IN PLAT BOOK 8 AT PAGES
53A AND 54A.

BEING THE SAME PROPERTY CONVEYED TO WILLIE C. CARROLL, SR. AND FRANKIE
LEE CARROLL, HUSBAND AND WIFE FROM TIMOTHY E. PERDUE AND DONNA M.
PERDUE, HUSBAND AND WIFE BY DEED DATED 10/24/1991 AND RECORDED
10/25/1991, IN BOOK 998, PAGE 793. BY FEE SIMPLE DEED FROM THE SAID
FRANKIE LEE CARROLL, DIVORCED AND NOT REMARRIED CONVEYED HER INTEREST
TO THE SAID WILLIE C. CARROLL, SR.., BY DEED DATED 12/12/2001 RECORDED
ON 01/14/2002 IN BOOK 2099, PAGE 110 IN SPOTSYLVANIA COUNTY RECORDS,
COMMONWEALTH OF VA.

which has the address of 3621 NORTH ROCKCREEK DR , FREDERICKSBURG
Virginia 22407 (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property";

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated 08/02/2005 and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $ 207,242.72, with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on 08/08/2035 ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Original (Recorded)    Copy (Branch)    Copy (Customer)    Page 1 of 5

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

Case 16-10059    Doc 45    Filed 04/13/17    Entered 04/13/17 14:11:17    Desc Main Document     Page 17 of 34

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by Federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

    Original (Recorded)      Copy (Branch)      Copy (Customer)                    Page 3 of 5

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender or Trustee shall give to Borrower (and the owner of the Property, if a different person) notice of sale in the manner prescribed by applicable law. Trustee shall give public notice of sale by advertising, in accordance with applicable law, once a week for two successive weeks in a newspaper having general circulation in the county or city in which the Property or some portion thereof is located, and by such additional or different form of advertisement as the Trustee may deem advisable, if any. Trustee may sell the Property on the eighth day after the first advertisement or any day thereafter, but not later than 30 days following the last advertisement. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by advertising in accordance with applicable law. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the property so sold with special warranty of title. The recitals in Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, Trustee's fees of up to 10% of the gross sale price, reasonable attorneys' fees and costs of title evidence; (b) to the discharge of all taxes, levies and assessments on the Property, if any, as provided by applicable law; (c) to all sums secured by this Deed of Trust; and (d) the excess, if any, to the person or persons legally entitled thereto. Trustee shall not be required to take possession of the Property prior to the sale thereof or to deliver possession of the Property in the purchaser at such sale.

18. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. Assignment of Rents; Appointment of Receiver; Lender in Possession. As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. Release. Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to release this Deed of Trust and shall surrender all notes evidencing indebtedness secured by this Deed of Trust. Trustee shall release this Deed of Trust to Trustee without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. Substitute Trustee. Lender may from time to time in Lender's discretion remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

22. Identification of Note. The Note is identified by a certificate on the Note executed by any Notary Public who certifies an acknowledgement hereto.

23. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 23, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 23, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

---
REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST
---

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, with a copy to P. O. Box 17170, Baltimore, MD 21203, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed and sealed this Deed of Trust.

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

STATE OF _Virginia_ , City/County of _Spotsylvania_ _____: ss:
The foregoing instrument was acknowledged before me this _____ _8/2/05_
                                              (date)

by _Willie C. Carroll Sr_ _____
                    (person acknowledging)

My Commission expires: _12/31/08_ _____
                                       (Notary Public)

**Original (Recorded)**    Copy (Branch)    Copy (Customer)                Page 5 of 5
(Space Below This Line Reserved For Lender and Recorder)

' VIRGINIA LAND RECORD COVER SHEET
FORM A – COVER SHEET CONTENT

Instrument Date: 3/14/2016
Instrument Type: ASGMT
Number of Parcels: 1    Number of Pages: 2
[ ] City [X] County
    SPOTSYLVANIA

TAX EXEMPT?    VIRGINIA/FEDERAL LAW
[ ] Grantor:
[ ] Grantee:
Consideration:                    $0.00
Existing Debt:                    $0.00
Actual Value/Assumed:             $0.00
PRIOR INSTRUMENT UNDER § 58.1-803(D):
    Original Principal:           $0.00
    Fair Market Value Increase:   $0.00
    Original Book Number: ____  Original Page Number: _____  Original Instrument Number: _____

Prior Recording At: [ ] City [X] County
    SPOTSYLVANIA ........................................ Percentage In This Jurisdiction: ___ 100%
    BUSINESS / NAME
    1    [X] Grantor:  CFNA RECEIVABLES (MD), INC.
    2    [X] Grantor:  CITIFINANCIAL, INC.  FKA
    1    [X] Grantee:  CITIFINANCIAL, INC.
    2    [X] Grantee:  CITIFINANCIAL, INC. (WV)  DBA
GRANTEE ADDRESS
Name: CITIFINANCIAL, INC.
Address: 300 ST. PAUL PLACE LEGAL DEPARTMENT- 17TH FLOOR
City: BALTIMORE                         State: MD   Zip Code:      21202
Book Number: ____  Page Number: ____   Instrument Number: 200500031737
Parcel Identification Number (PIN)▮▮▮▮   Tax Map Number: ▮▮▮▮
Short Property Description: 3621 NORTH ROCKCREEK DR

Current Property Address: 3621 NORTH ROCKCREEK DR
City: FREDERICKSBURG ................. State: VA   Zip Code:    22407
Instrument Prepared By: E.LANCE/NTC    Recording Paid By: ERIKA LANCE
Recording Returned To: NATIONWIDE TITLE CLEARING, INC
Address: 2100 ALT 19 N
City: PALM HARBOR .................. State: FL   Zip Code:    34683

FILED
SPOTSYLVANIA COUNTY, VA
CHRISTALYN M. JETT
CLERK OF CIRCUIT COURT

FILED      Mar 21, 2016
AT              12:44 pm

INST. #      160004038
TOTAL PAGES      0004

ATB

(Area Above Reserved For Deed Stamp Only)

Copyright © 2014 Office of the Executive Secretary, Supreme Court of Virginia. All rights reserved.

# VIRGINIA LAND RECORD COVER SHEET
## FORM B – ADDITIONAL GRANTORS/GRANTEES

Instrument Date: ....3/14/2016.........

Instrument Type: ....ASGMT....

Number of Parcels: ....1f....    Number of Pages: ....2....

[ ] City [X] County
....................SPOTSYLVANIA..........................

(Area Above Reserved For Deed Stamp Only)

**GRANTOR BUSINESS / NAME**
...3... [X] Grantor: CITIFINANCIAL, INC. (MD)  AKA ......................
...4... [ ] Grantor: CARROLL, WILLIE C SR ...............................
.......... [ ] Grantor: ..................................................
.......... [ ] Grantor: ..................................................
.......... [ ] Grantor: ..................................................
.......... [ ] Grantor: ..................................................
.......... [ ] Grantor: ..................................................
.......... [ ] Grantor: ..................................................

**GRANTEE BUSINESS / NAME**
.......... [ ] Grantee: ..................................................
.......... [ ] Grantee: ..................................................
.......... [ ] Grantee: ..................................................
.......... [ ] Grantee: ..................................................
.......... [ ] Grantee: ..................................................
.......... [ ] Grantee: ..................................................
.......... [ ] Grantee: ..................................................
.......... [ ] Grantee: ..................................................



FORM CC-1570  Rev: 10/14          Page  2 of 2                    Cover Sheet B
§§ 17.1-223, 17.1-227.1, 17.1-249

Copyright © 2014 Office of the Executive Secretary, Supreme Court of Virginia. All rights reserved.

# Exhibit C

# VIRGINIA LAND RECORD COVER SHEET
## FORM A – COVER SHEET CONTENT

Instrument Date: __3/2/2016__

Instrument Type: __ASGMT__

Number of Parcels: __1__     Number of Pages: __2__

[ ] City [X] County

.......... __SPOTSYLVANIA__

TAX EXEMPT?     VIRGINIA/FEDERAL LAW

[ ] Grantor: ..................................................

[ ] Grantee: ..................................................

Consideration: .......... __$0.00__

Existing Debt: .......... __$0.00__

Actual Value/Assumed: .......... __$0.00__

*PRIOR INSTRUMENT UNDER § 58.1-803(D):*

Original Principal: .......... __$0.00__

Fair Market Value Increase: .......... __$0.00__

Original Book Number: ..........     Original Page Number: ..........     Original Instrument Number: .................

Prior Recording At: [ ] City [X] County

.......... __SPOTSYLVANIA__     Percentage In This Jurisdiction: .......... __100%__ ...

FILED
SPOTSYLVANIA COUNTY, VA
CHRISTALYN M. JETT
CLERK OF CIRCUIT COURT

FILED
AT     Apr 04, 2016
       02:52 pm

INST. #     160004973

TOTAL PAGES     0004

MLA

*(Area Above Reserved For Deed Stamp Only)*

BUSINESS / NAME

.1  [X] Grantor: __CFNA RECEIVABLES (MD) INC__

2   [X] Grantor: __CITIFINANCIAL INC F/K/A__

1   [X] Grantee: __CITIFINANCIAL INC__

2   [X] Grantee: __CITIFINANCIAL INC (WV) D/B/A__

GRANTEE ADDRESS

Name: __CITIFINANCIAL INC__

Address: __300 ST. PAUL PLACE LEGAL DEPARTMENT - 17TH FLOOR__

City: __BALTIMORE__     State: __MD__  Zip Code: __21202__

Book Number: ..........     Page Number: ..........     Instrument Number: __200500031737__

Parcel Identification Number (PIN): __13B10-90__     Tax Map Number: __13B10-90__

Short Property Description: __3621 NORTH ROCKCREEK DR__

Current Property Address: __3621 NORTH ROCKCREEK DR__

City: __FREDERICKSBURG__     State: __VA__  Zip Code: __22407__

Instrument Prepared By: __ERIKA LANCE__     Recording Paid By: __NATIONWIDE TITLE CLEARING INC__

Recording Returned To: __NATIONWIDE TITLE CLEARING INC__

Address: __2100 ALT 19 NORTH__

City: __PALM HARBOR__     State: __FL__  Zip Code: __34683__



# VIRGINIA LAND RECORD COVER SHEET
# FORM B – ADDITIONAL GRANTORS/GRANTEES

Instrument Date: ........3/2/2016.........

Instrument Type: ........ASGMT.........

Number of Parcels: ....1.....    Number of Pages: ....2....

[ ] City [X] County

..........................SPOTSYLVANIA.............................

*(Area Above Reserved For Deed Stamp Only)*

## GRANTOR BUSINESS / NAME

..3... [X] Grantor: CITIFINANCIAL INC (MD) A/K/A ............................. .............

..4... [ ] Grantor: CARROLL, WILLIE C SR ...........................................................

........ [ ] Grantor: ...............................................................................

........ [ ] Grantor: ...............................................................................

........ [ ] Grantor: ...............................................................................

........ [ ] Grantor: ...............................................................................

........ [ ] Grantor: ...............................................................................

## GRANTEE BUSINESS / NAME

........ [ ] Grantee: ...............................................................................

........ [ ] Grantee: ...............................................................................

........ [ ] Grantee: ...............................................................................

........ [ ] Grantee: ...............................................................................

........ [ ] Grantee: ...............................................................................

........ [ ] Grantee: ...............................................................................

........ [ ] Grantee: ...............................................................................

........ [ ] Grantee: ...............................................................................



FORM CC-1570 Rev: 10/14          Page **2** of **2**          Cover Sheet B

§§ 17.1-223, 17.1-227.1, 17.1-249

Copyright © 2014 Office of the Executive Secretary, Supreme Court of Virginia. All rights reserved.

Unique ID [REDACTED] 5E00
Official Unique Id [REDACTED] 0~006

Tax Map#: 13B10-90

## NOTICE OF CORPORATE ASSIGNMENT OF DEED OF TRUST

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, CFNA RECEIVABLES (MD), INC. F/K/A CITIFINANCIAL, INC. A/K/A CITIFINANCIAL, INC. (MD), A MARYLAND CORPORATION, WHOSE ADDRESS IS 300 ST. PAUL PLACE, LEGAL DEPARTMENT- 17TH FLOOR, BALTIMORE, MD 21202, (ASSIGNOR), by these presents docs convey, grant, assign, transfer and set over the described Deed of Trust with all interest secured thereby, all liens, and any rights due or to become due thereon to CITIFINANCIAL, INC. D/B/A CITIFINANCIAL, INC. (WV), A WEST VIRGINIA CORPORATION, WHOSE ADDRESS IS 300 ST. PAUL PLACE, LEGAL DEPARTMENT-17TH FLOOR, BALTIMORE, MD 21202 (800)249-2181, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).

Said Deed of Trust dated 08/02/2005 made by WILLIE C CARROLL SR to B SHAFFER AND SUEANN ELLIS, trustee, and recorded in Instrument # 200500031737 in the amount of $207,242.72 in the office of the Recorder of (Town/City) FREDERICKSBURG, County of SPOTSYLVANIA, Virginia.
    SEE ATTACHED EXHIBIT A
Property is commonly known as: 3621 NORTH ROCKCREEK DR, FREDERICKSBURG, VA 22407
IN WITNESS WHEREOF, this Assignment is executed on __3_/_2_/2016 (MM/DD/YYYY).
CFNA RECEIVABLES (MD), INC. F/K/A CITIFINANCIAL, INC. A/K/A CITIFINANCIAL, INC. (MD), A MARYLAND CORPORATION

By: _____
    Andrew Moore
    VICE PRESIDENT

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

STATE OF FLORIDA
COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me on __3_/_2_/2016 (MM/DD/YYYY), by Andrew Moore as VICE PRESIDENT of CFNA RECEIVABLES (MD), INC. F/K/A CITIFINANCIAL, INC. A/K/A CITIFINANCIAL, INC. (MD), A MARYLAND CORPORATION, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_____
Nicole Baldwin
Notary Public - State of FLORIDA
Commission expires: 08/05/2016

Nicole Baldwin
Notary Public State of Florida
My Commission # EE 222285
Expires August 5, 2016

Prepared By:
E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152

When Recorded Return To:
CitiFinancial Servicing, LLC, C/O Nationwide Title Clearing, Inc. 2100 Alt. 19 North, Palm Harbor, FL 34683

Page 1

[REDACTED]9146 -- DEFAULT    [REDACTED]5408  [C-2] FRMVA1

*D0015268377*

## EXHIBIT A

ALL THAT CERTAIN PARCEL OF LAND IN CHANCELLOR MAGISTERIAL DISTRICT,
SPOTSYLVANIA COUNTY, COMMONWEALTH OF VA, AS MORE FULLY DESCRIBED IN
BOOK 2099 PAGE 110 ID# 13B10-90, BEING KNOWN AND DESIGNATED AS LOT 90
SECTION THREE WILBURN FARMS SUBDIVISION, FILED IN PLAT BOOK 8 AT PAGES
53A AND 54A.

BEING THE SAME PROPERTY CONVEYED TO WILLIE C. CARROLL, SR. AND FRANKIE
LEE CARROLL, HUSBAND AND WIFE FROM TIMOTHY E. PERDUE AND DONNA M.
PERDUE, HUSBAND AND WIFE BY DEED DATED 10/24/1991 AND RECORDED
10/25/1991, IN BOOK 998, PAGE 793. BY FEE SIMPLE DEED FROM THE SAID
FRANKIE LEE CARROLL, DIVORCED AND NOT REMARRIED CONVEYED HER INTEREST
TO THE SAID WILLIE C. CARROLL, SR.., BY DEED DATED 12/12/2001 RECORDED
ON 01/14/2002 IN BOOK 2099, PAGE 110 IN SPOTSYLVANIA COUNTY RECORDS,
COMMONWEALTH OF VA.

INSTRUMENT # 160004973
RECORDED IN CLERK'S OFFICE OF SPOTSYLVANIA ON
Apr 04, 2016   AT  02:52 pm
CHRISTALYN M. JETT by MLA

# VIRGINIA LAND RECORD COVER SHEET
## FORM A – COVER SHEET CONTENT

Instrument Date: 3/14/2016

Instrument Type: ASGMT

Number of Parcels: 1     Number of Pages: 2

[ ] City [X] County

SPOTSYLVANIA

TAX EXEMPT?     VIRGINIA/FEDERAL LAW

[ ] Grantor:

[ ] Grantee:

Consideration:     $0.00

Existing Debt:     $0.00

Actual Value/Assumed:     $0.00

*PRIOR INSTRUMENT UNDER § 58.1-803(D):*

Original Principal:     $0.00

Fair Market Value Increase:     $0.00

Original Book Number:          Original Page Number:          Original Instrument Number:

Prior Recording At: [ ] City [X] County

SPOTSYLVANIA          Percentage In This Jurisdiction:     100%

FILED
SPOTSYLVANIA COUNTY, VA
CHRISTALYN M. JETT
CLERK OF CIRCUIT COURT

FILED     Mar 21, 2016
AT          12:44 pm

INST. #     160004038

TOTAL PAGES     0004

ATB

*(Area Above Reserved For Deed Stamp Only)*

**BUSINESS / NAME**

1     [X] Grantor: CFNA RECEIVABLES (MD), INC.

2     [X] Grantor: CITIFINANCIAL, INC.  FKA

1     [X] Grantee: CITIFINANCIAL, INC.

2     [X] Grantee: CITIFINANCIAL, INC. (WV)  DBA

**GRANTEE ADDRESS**

Name: CITIFINANCIAL, INC.

Address: 300 ST. PAUL PLACE LEGAL DEPARTMENT- 17TH FLOOR

City: BALTIMORE          State: MD     Zip Code: 21202

Book Number:          Page Number:          Instrument Number: 200500031737

Parcel Identification Number (PIN): 13B10-90          Tax Map Number: 13B10-90

Short Property Description: 3621 NORTH ROCKCREEK DR

Current Property Address: 3621 NORTH ROCKCREEK DR

City: FREDERICKSBURG          State: VA     Zip Code: 22407

Instrument Prepared By: E.LANCE/NTC          Recording Paid By: ERIKA LANCE

Recording Returned To: NATIONWIDE TITLE CLEARING, INC

Address: 2100 ALT 19 N

City: PALM HARBOR          State: FL     Zip Code: 34683



FORM CC-1570  Rev: 7/15          Page 1 of 2          Cover Sheet A

§§ 17.1-223, 17.1-227.1, 17.1-249

Copyright © 2014 Office of the Executive Secretary, Supreme Court of Virginia. All rights reserved.

# VIRGINIA LAND RECORD COVER SHEET
## FORM B – ADDITIONAL GRANTORS/GRANTEES

Instrument Date: ......3/14/2016......

Instrument Type: ......ASGMT......

Number of Parcels: ...1...     Number of Pages: ...2...

[ ] City [X] County
...........................SPOTSYLVANIA...........................

*(Area Above Reserved For Deed Stamp Only)*

**GRANTOR BUSINESS / NAME**

..3..  [X] Grantor: CITIFINANCIAL, INC. (MD)  AKA

..4..  [ ] Grantor: CARROLL, WILLIE C SR

.......  [ ] Grantor:

.......  [ ] Grantor:

.......  [ ] Grantor:

.......  [ ] Grantor:

.......  [ ] Grantor:

.......  [ ] Grantor:

.......  [ ] Grantor:

**GRANTEE BUSINESS / NAME**

.......  [ ] Grantee:

.......  [ ] Grantee:

.......  [ ] Grantee:

.......  [ ] Grantee:

.......  [ ] Grantee:

.......  [ ] Grantee:

.......  [ ] Grantee:

.......  [ ] Grantee:



Copyright © 2014 Office of the Executive Secretary, Supreme Court of Virginia. All rights reserved.



Unique ID [REDACTED] 5E00
Official Unique Id [REDACTED] 0-006

Tax Map#: 13B10-90

## NOTICE OF CORPORATE ASSIGNMENT OF DEED OF TRUST

**FOR GOOD AND VALUABLE CONSIDERATION,** the sufficiency of which is hereby acknowledged, the undersigned, CFNA RECEIVABLES (MD), INC. F/K/A CITIFINANCIAL, INC. A/K/A CITIFINANCIAL, INC. (MD), A MARYLAND CORPORATION, WHOSE ADDRESS IS 300 ST. PAUL PLACE, LEGAL DEPARTMENT- 17TH FLOOR, BALTIMORE, MD 21202, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Deed of Trust with all interest secured thereby, all liens, and any rights due or to become due thereon to CITIFINANCIAL, INC. D/B/A CITIFINANCIAL, INC. (WV), A WEST VIRGINIA CORPORATION, WHOSE ADDRESS IS 300 ST. PAUL PLACE, LEGAL DEPARTMENT- 17TH FLOOR, BALTIMORE, MD 21202 (800)249-2181, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).

Said Deed of Trust dated 08/02/2005 made by WILLIE C. CARROLL, SR. to B. SHAFFER AND SUEANN ELLIS, trustee, and recorded in **Instrument # 200500031737** in the amount of $207,242.72 in the office of the Recorder of (Town/City) FREDERICKSBURG, County of <u>SPOTSYLVANIA</u>, <u>Virginia</u>.
    SEE ATTACHED EXHIBIT A

Property is commonly known as: 3621 NORTH ROCKCREEK DR, FREDERICKSBURG, VA 22407

IN WITNESS WHEREOF, this Assignment is executed on __3 / 14__ /2016 (MM/DD/YYYY).

CFNA RECEIVABLES (MD), INC. F/K/A CITIFINANCIAL, INC. A/K/A CITIFINANCIAL, INC. (MD), A MARYLAND CORPORATION

By: _____
Andrew Moore
**VICE PRESIDENT**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

STATE OF FLORIDA
COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me on __3 / 14__ /2016 (MM/DD/YYYY), by Andrew Moore as VICE PRESIDENT of CFNA RECEIVABLES (MD), INC. F/K/A CITIFINANCIAL, INC. A/K/A CITIFINANCIAL, INC. (MD), A MARYLAND CORPORATION, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_____
Nicole Baldwin
Notary Public - State of FLORIDA
Commission expires: 08/05/2016

Nicole Baldwin
Notary Public State of Florida
My Commission # EE 222285
Expires August 5, 2016

Prepared By:
E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152

When Recorded Return To:
CitiFinancial Servicing, LLC, C/O Nationwide Title Clearing, Inc. 2100 Alt. 19 North, Palm Harbor, FL 34683

Page 1

2293 -- DEFAULT                    2614  [C-2] FRMVA1

*D0015382362*

## EXHIBIT A

ALL THAT CERTAIN PARCEL OF LAND IN CHANCELLOR MAGISTERIAL DISTRICT, SPOTSYLVANIA COUNTY, COMMONWEALTH OF VA, AS MORE FULLY DESCRIBED IN BOOK 2099 PAGE 110 ID# 13B10-90, BEING KNOWN AND DESIGNATED AS LOT 90 SECTION THREE WILBURN FARMS SUBDIVISION, FILED IN PLAT BOOK B AT PAGES 53A AND 54A.

BEING THE SAME PROPERTY CONVEYED TO WILLIE C. CARROLL, SR. AND FRANKIE LEE CARROLL, HUSBAND AND WIFE FROM TIMOTHY E. PERDUE AND DONNA M. PERDUE, HUSBAND AND WIFE BY DEED DATED 10/24/1991 AND RECORDED 10/25/1991, IN BOOK 998, PAGE 793. BY FEE SIMPLE DEED FROM THE SAID FRANKIE LEE CARROLL, DIVORCED AND NOT REMARRIED CONVEYED HER INTEREST TO THE SAID WILLIE C. CARROLL, SR.., BY DEED DATED 12/12/2001 RECORDED ON 01/14/2002 IN BOOK 2099, PAGE 110 IN SPOTSYLVANIA COUNTY RECORDS, COMMONWEALTH OF VA.

RECORDED IN CLERK'S OFFICE OF SPOTSYLVANIA ON
INSTRUMENT # 160004038
Mar 21, 2016   AT  12:44 pm
CHRISTALYN M. JETT by ATB

# Exhibit D

| | | PAYMENT HISTORY | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | Name | Willie Curtis Carroll, Sr. | | | | | |
| | | Mort. Comp. | CITIFINANCIAL, INC. D/B/A CITIFINANCIAL, INC. (WV) | | Principal Balance: | | $188,739.33 | |
| | | Case Number | 16-10059 | | | | | |
| | | Date Filed | 1/12/2016 | | | | | |
| | | Due For | 8/20/2016(Partial Payment) | | | | | |
| Loan History: Begin loan history from the date of the filing | | | | | | | | |
| Date Completed: | | | | | | CHARGES | | |
| Date | Monthly Payment Due | Amount Received from Debtor | Applied to Interest | Applied to Balance | Monthly Amount Due Escrow | Amount Due Other Charges | Applied to Date | Description of Charges |
| 3/7/2016 | $1,275.49 | $1,240.00 | $1,240.00 | $0.00 | $0.00 | $0.00 | 2/20/2016 | |
| 4/15/2016 | $1,275.49 | $1,240.00 | $1,240.00 | $0.00 | $0.00 | $0.00 | 3/20/2016 | |
| 5/27/2016 | $1,275.49 | $1,240.00 | $516.04 | $723.96 | $0.00 | $0.00 | 3/20/2016 | |
| 6/22/2016 | $1,275.49 | $1,240.00 | $835.35 | $404.65 | $0.00 | $0.00 | 4/20/2016 | |
| 7/25/2016 | $1,275.49 | $1,240.00 | $1,057.96 | $182.04 | $0.00 | $0.00 | 5/20/2016 | |
| 9/9/2016 | $3,275.49 | $1,240.00 | $1,240.00 | $0.00 | $0.00 | $0.00 | 6/20/2016 | |
| 11/18/2016 | $3,275.49 | $1,240.00 | $1,240.00 | $0.00 | $0.00 | $0.00 | 7/20/2016 - 8/20/2016 | |
| | | | | | | | | |
| | | | | | | | | |
| Totals | | $8,680.00 | $7,349.35 | $1,310.65 | $0.00 | $0.00 | | |
| | | (a) | (b) | (c) | (d) | (e) | | |
| | | | | | | | | |
| Due For Dates: | | | | | | 9/20/2016 - 3/20/2017 | | |
| Monthly Payment amount | | | | | | $1,275.49 | | |
| Number of Missed payments | | | | | | 7 | | |
| Partial Payment amount | | | | 8/20/2016 | | $248.43 | | |
| Amount Account is due for | | | | | | $9,176.86 | | |
| Interest Rate | | | | | | | | |
| Escrow Balance (amount held for payment of taxes, insurance, etc.) | | | | | | $0.00 | | |

**Standing Statement**

CitiFinancial, Inc. d/b/a CitiFinancial, Inc. (WV) ("Movant"), is the owner of the subject loan but is unable to find the original promissory note and will seek to enforce the promissory note using a lost note affidavit.  Movant is the current beneficiary through a duly executed assignment of the deed of trust securing the referenced loan.