The relief described hereinbelow is SO ORDERED

**Done this 10th day of May, 2017.**



**William R. Sawyer**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

**IN RE:**

**WILLIE CURTIS CARROLL, SR.**

         **Debtor(s)**

**CHAPTER 13**
**CASE NO. 16-10059**

### ORDER CONDITIONALLY DENYING RELIEF FROM STAY

This matter came on for hearing upon the motion of CitiFinancial, Inc. d/b/a CitiFinancial, Inc. (WV) ("CitiFinancial, Inc.") seeking relief from the automatic stay imposed by 11 U.S.C. § 362, as it relate(s) to the enforcement of the lien of CitiFinancial, Inc. and its assigns, against property of the Debtor(s) located at 3621 North Rockcreek Dr., Fredericksburg, VA 22407.

Whereas the Court being informed of the agreement of the parties, it is therefore ORDERED, ADJUDGED and DECREED that the motion of CitiFinancial, Inc. is CONDITIONALLY DENIED, conditioned upon the following:

1.    The Debtor(s) post-petition arrearage due CitiFinancial, Inc. is the aggregate

amount of $10,452.35, which represents a partial payment for August 2016 at $248.43 and payments for September 2016 – April 2017 at $1,275.49 each, is to be placed back into the Debtor(s) Chapter 13 plan. The Debtor(s) plan is amended to include, the aforementioned post-petition arrearage due CitiFinancial, Inc. with the Debtor(s) payments to the Chapter 13 Trustee being increased to $1,338.00 per month, and the Chapter 13 Trustee`s payments to CitiFinancial, Inc. being set at $244.00 per month. CitiFinancial, Inc. is hereby allowed to file a claim for, the said post-petition arrearage.

2.    The Debtor(s) shall resume his/her/their regular monthly payments due CitiFinancial, Inc. as said payments fall due each month, beginning with the May, 2017 and continuing each successive month thereafter until the Debtor(s) mortgage obligation with CitiFinancial, Inc., or its assigns, has been satisfied.

3.    In the event that any regular monthly payment is not received by CitiFinancial, Inc. or its assigns, by the date it falls due pursuant to the terms of the Debtor(s) loan agreement with CitiFinancial, Inc., beginning with the May, 2017 payment, then CitiFinancial, Inc. or its assigns, shall give notice to the Debtor(s) and the Debtor(s) attorney of the default, and if the default is not cured within twenty (20) days of the date of said notice, then the automatic stay shall immediately lift without further Orders from the Court, allowing CitiFinancial, Inc., or its assigns, to proceed against or otherwise liquidate the property described hereinabove.

4.    If relief from the automatic stay under 11 U.S.C. § 362 becomes effective, this Creditor is thereafter entitled to enforce any and all of its right, title, interest in and to the subject property under applicable non-bankruptcy law. The filing and service of Notice of Payment Change and/or Notices of Post-Petition Fees, Expenses, and Charges, as described by FRBP 3002.1(b) and FRBP 3002.1(c) are not required once relief from the automatic stay under 11 U.S.C. § 362 is triggered and becomes effective. Upon entry of this Order granting relief from

the automatic stay under 11 U.S.C. § 362, the 14-day stay of Rule FRBP 4001(a)(3) is waived.

*** END OF ORDER ***


Consented to by:

Cameron A. Metcalf
Attorney for Debtor(s)

Sabrina L. McKinney
Standing Chapter 13 Trustee

This Order was prepared by:
Evan Eberhardt
Attorney for CitiFinancial, Inc.